**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KAREN PAOLI-KEPLINGER,                    No. C-08-0945 MMC

12           Plaintiff,                        **ORDER DISMISSING ACTION WITH**
                                               **LEAVE TO AMEND**
13       v.

14   LINCOLN NATIONAL LIFE INSURANCE
     COMPANY,
15
             Defendant.
16
     _____/
17

18       Before the Court is plaintiff Karen Paoli-Keplinger's complaint, filed February 14,

19   2008, in which plaintiff asserts two causes of action, specifically, "Breach of Contract" and

20   "Breach of Duty of Good Faith and Fair Dealing," against defendant Lincoln National Life

21   Insurance Company ("Lincoln"), both claims arising out of an insurance policy defendant

22   issued to plaintiff.[1]

23       In said complaint, plaintiff fails to allege a basis for the Court's jurisdiction over the

24   instant action.  Because plaintiff asserts only state law claims, however, the Court assumes

25   plaintiff is relying on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.  As set forth

26   below, plaintiff's allegations are insufficient to support a finding that the Court in fact has

27   such jurisdiction.

28

     _____

        [1] On May 8, 2008, the instant action was reassigned to the undersigned.

First, plaintiff fails to adequately allege the citizenship of each of the parties.  Plaintiff alleges only that she is a "resident" of California, (see Compl. ¶ 1), and fails to allege the state in which she is domiciled.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence").  Further, plaintiff does not allege the state in which Lincoln is incorporated, nor the state where Lincoln has its principal place of business.  See 28 U.S.C. § 1332(c)(1) (providing corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

Second, plaintiff fails to allege the requisite amount in controversy.  For purposes of diversity jurisdiction, the "matter in controversy [must] exceed[ ] the sum or value of $75,000, exclusive of interest and costs."  See 28 U.S.C. § 1332(a).  Plaintiff's allegation that she "has suffered damages in an amount exceeding $25,000.00," (see Compl. ¶ 22), does not suffice to satisfy the amount in controversy requirement.

Accordingly, the instant action is hereby DISMISSED for lack of subject-matter jurisdiction, with leave to amend.  Plaintiff shall file any amended complaint no later than May 30, 2008.  If plaintiff fails to do so, the action will be dismissed without prejudice to plaintiff's refiling the action in state court.

**IT IS SO ORDERED.**

Dated: May 14, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2